# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

## SUSAN PYKOSH, ET AL. v. STEPHANIE A. EARPS, ET AL.

**Circuit Court for Wilson County**
**No. 11969      Clara W. Byrd, Judge**

---

**No. M2004-01507-COA-R10-CV - Filed August 17, 2004**

---

This extraordinary appeal involves a Tenn. R. Civ. P. 35.01 request for a physical examination of an opposing party. Following a vehicular collision in Wilson County, one of the drivers and her passenger filed suit in the Circuit Court for Wilson County seeking damages from the driver and owners of the other vehicle. Issues involving the extent and permanency of the plaintiff driver's injuries caused by this collision arose after the plaintiff driver was injured in another accident, and the defendants requested permission for their medical expert to examine the plaintiff driver. The trial court denied the request, and the defendants filed a Tenn. R. App. P. 10 application with this court. We have determined that, under the facts of this case, the trial court's denial of the defendants' Tenn. R. Civ. P. 35.01 motion departs from the accepted and usual course of judicial proceedings of this sort. Therefore, we grant the Tenn. R. App. P. 10 application and reverse the order denying the Tenn. R. Civ. P. 35.01 motion.

**Tenn. R. App. P. 10 Extraordinary Appeal, Judgment of the Circuit Court**
**Reversed and Remanded**

WILLIAM C. KOCH, JR., P.J., M.S., PATRICIA J. COTTRELL, and FRANK G. CLEMENT, JR., JJ., delivered the opinion of the court.

Gary M. Kellar, Brentwood, Tennessee, for the appellants, Stephanie A. Earps, Clarence Earps, and Colleen Earps.

Frank Lannom, Lebanon, Tennessee, for the appellees, Susan Pykosh and William Pykosh.

### MEMORANDUM OPINION[1]

This Tenn. R. App. P. 10 application concerns the right of the defendants in a personal injury lawsuit to have their own medical expert examine the plaintiff pursuant to Tenn. R. Civ. P. 35.01.

---

[1]Tenn. Ct. App. R. 10 provides:

The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion, it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

The trial court declined to order the plaintiff to submit to a physical examination by the defendants' expert even though the plaintiffs' expert had recently examined the plaintiff. We have determined that the application for an extraordinary appeal should be granted. Furthermore, the application and the answer fully set forth the parties' positions and the material facts, and we dispense with further briefing and oral argument and proceed to the merits of the appeal in order to save the parties additional time and expense.[2] We conclude that, because the plaintiffs' expert has based his opinion regarding disputed issues in part on a physical examination of the plaintiff, good cause exists to order the plaintiff to submit to a physical examination by the defendants' expert.

## I.

On December 8, 2000, William and Susan Pykosh were involved in an automobile accident with Stephanie A. Earps in Wilson County. Mr. and Ms. Pykosh subsequently filed a complaint in the Circuit Court for Wilson County against Ms. Earps and the owners of the vehicle she was driving, Clarence Earps and Colleen Earps, alleging that Ms. Pykosh had sustained serious, painful and disabling bodily injuries. Ms. Pykosh was involved in a second automobile accident in Davidson County on August 23, 2001. Consequently, the parties anticipate that the question of which accident caused which injuries will be a major focus of the trial. The permanency of Ms. Pykosh's injuries will also be at issue.

In January of 2004, Mr. and Ms Pykosh retained Dr. Richard Fishbein as a medical expert. Dr. Fishbein has opined that Ms. Pykosh injured her neck and back as a result of the first accident and that the second accident only served to aggravate her neck and back pain. He also estimated her permanent impairment. Dr. Fishbein based his opinions on both a review of Ms. Pykosh's medical records and a physical examination of Ms. Pykosh.

Mr. and Ms. Pykosh do not intend to call Dr. Fishbein as a live witness at trial but rather intend to present his evidentiary deposition. Therefore, the defendants decided to have their own medical expert examine Ms. Pykosh in order to prepare for their cross examination of Dr. Fishbein and in order to refute his expected testimony. Accordingly, the defendants filed a Tenn. R. Civ. P. 35.01 motion seeking the trial court's authorization for their expert to examine Ms. Pykosh. Mr. and Ms. Pykosh opposed the motion. The trial court denied the motion after determining that the defendants had not shown good cause to order Ms. Pykosh to submit to an examination. The defendants thereafter filed this Tenn. R. App. P. 10 application for an extraordinary appeal.

## II.

Tenn. R. Civ. P. 35.01 permits a court to order a party to submit to a physical examination. Because any physical examination involves some degree of invasion of privacy, the rule attempts to balance the interests of personal privacy with the interest of truth and justice. *Odom v. Odom*, No. M1999-02811-COA-R3-CV, 2001 WL 1543476, at *4-9 (Tenn. Ct. App. Dec. 5, 2001). To

---

[2]Pursuant to Tenn. R. App. P. 2, we suspend the application of Tenn. R. App. P. 24-26 and 29, and find oral argument to be unnecessary pursuant to Tenn. R. App. P. 35(c). *See Hammock v. Sumner Co.*, No. 01A01-9710-CV-00600, 1997 WL 749461 (Tenn. Ct. App. 1997).

invoke Tenn. R. Civ. P. 35.01 successfully, a moving party must establish two things. First, the moving party must establish that the mental or physical condition of a party or a person in the custody of a party is "in controversy." Second, the moving party must establish that "good cause" exists for the physical or mental examination. *Odom v. Odom*, No. M1999-02811-COA-R3-CV, 2001 WL 1543476, at *4-9 (Tenn. Ct. App. Dec.5, 2001).

There can be little dispute that Ms. Pykosh's physical condition is "in controversy." The plaintiffs have made claims based on Ms. Pykosh's injuries, and the defendants intend to challenge the plaintiffs' claims regarding both the causation and the permanency of those injuries.

Notwithstanding the trial court's discretion in these matters, we have also determined that good cause exists to order Ms. Pykosh to undergo a physical examination by an expert selected by the defendants. The defendants could, of course, have their expert form an opinion based on Ms. Pykosh's medical records. However, the plaintiffs' expert has had the opportunity to examine Ms. Pykosh and has rendered an opinion regarding causation and permanency based in part on his examination. Ms. Pykosh's objection to a further examination is that she does not want to be "poked or prodded by someone she doesn't choose" or to be "examined by a strange doctor." This court has interpreted Rule 35.01 to provide a defendant the right to have the plaintiff examined by a physician selected by the defendant unless the plaintiff can show a good reason why the court should not honor the defendant's choice. *Newton v. Ceasar*, No. M2000-01117-COA-R10-CV, 2000 WL 863447 at *2 (Tenn. Ct. App. June 29, 2000) (No Tenn. R. App. P. 11 application filed). There is no indication the defendants are requesting that their expert be allowed to do anything other than what the plaintiffs' expert has already done, i.e. ask questions and have Ms. Pykosh perform some range of motion tests.[3] "So long as plaintiff may select his own doctor to testify as to his physical condition, fundamental fairness dictates that a defendant shall have the same right." 8A CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE §2234.2, at 485(2d ed. 1994).

## III.

We reverse the order denying the defendants' motion to have Ms. Pykosh examined by an expert selected by the defendants. The case is remanded to the trial court with directions to enter an order directing Ms. Pykosh to submit to an examination by the defendants' expert consistent with this opinion. We tax the costs of this appeal to Susan and William Pykosh for which execution may issue.

PER CURIAM

---

[3]The trial court must specify the scope of the examination in its order. Tenn. R. App. P. 35.01. Certainly a higher showing of good cause would be necessary were the defendants requesting that the trial court order Ms. Pykosh to submit to more risky, painful or invasive procedures.